UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE AVE MARIA FOUNDATION, et al.,

    Plaintiffs,                                                    Case No. 13-cv-15198

v.                                                           HONORABLE STEPHEN J. MURPHY, III

KATHLEEN SEBELIUS, et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO CLARIFY** (document no. 20)

The Affordable Care Act and implementing regulations require nonprofit organizations that offer employee health plans to cover contraceptives, abortifacients, and other preventative services at no cost to their employees or to self-certify as religious objectors. Self-certification exempts an organization from the requirement to cover preventative services, but obligates the organization's insurer to cover those services at no cost to the organization. Because The Ave Maria Foundation and its co-plaintiffs have religious objections to providing the preventative services directly and to executing the self-certification, which they view as sinful cooperation, the organizations sued the government for declaratory and injunctive relief.

The plaintiffs then moved for a preliminary injunction. Concluding that an injunction was warranted, the Court enjoined "Defendants and their agents, officers, and employees . . . from enforcing against Plaintiffs any requirement that they provide contraception, sterilization, abortifacients, or related education and counseling in their employee health plan, pursuant to 42 U.S.C. § 300gg-13(a)(4) and implementing regulations." Opinion & Order Granting a Preliminary Injunction 16, ECF No. 15. The government appealed.

Although a notice of appeal has been filed, the Ave Maria Foundation moves for an order "clarifying" the injunction. They explain that their insurer, Blue Cross/Blue Shield of Michigan ("BCBS"), plans to provide a health insurance plan that includes coverage for preventative services to ensure compliance with federal regulations. The Court will deny the motion.[1]

A threshold issue is whether the Court has jurisdiction to consider the request. Ordinarily, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But the divestiture of jurisdiction is not total. *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013). A district court retains jurisdiction to suspend, modify, restore or grant an injunction as necessary to maintain the status quo. Fed. R. Civ. P. 62(c). Included in this grant is the power to enforce injunctions and other orders. *See City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007). But there is "crucial distinction between [the] *expansion* and *enforcement*" of injunctions. *Am. Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 110 (6th Cir.1990) (emphasis in original). The cental question here is whether granting the plaintiffs' motion involves only the enforcement of an existing prohibition.

While disclaiming any desire to alter or amend the preliminary injunction, the plaintiffs ask for an order stating that the injunction applies to BCBS. An initial difficulty with this request is that BCBS is not a party to this case or named in the injunction. But the plaintiffs counter that the injunction implicitly applies to BCBS. It is, of course, true that the existing

---

[1] The government has not filed a timely response, and the Court does not have the benefit of full briefing. The Court, however, deems no hearing necessary to decide the motion. *See* E.D. Mich. LR 7.1(f).

2

injunction might apply to BCBS if the insurer is an agent of the plaintiffs being acted on by the government or an agent of the government acting on the plaintiffs. *See* Fed. R. Civ. P. 65(d)(2). The record, however, does not disclose whether BCBS is acting in a representative capacity or not.

With no documentation and little analysis, the plaintiffs claim that BCBS is both the plaintiffs' servant and working with the government to enforce federal regulations. Without briefing from BCBS or the government, the Court is ill-positioned to evaluate that claim. But even if the Court assumes that BCBS sometimes acts as the plaintiffs' servant or the government's agent, it does not follow that BCBS is acting in either capacity when deciding to cover preventative services. BCBS may also be acting of its own accord. And if it is, then the injunction has nothing to say about its conduct.

Ultimately, there is too little information in the record to conclude that the existing injunction applies to BCBS. It could be that BCBS is acting like a government agent by demanding that the plaintiffs pay for preventative services because that is what federal regulations require. Or it could be that BCBS is acting on its own by choosing to cover preventative services at no cost to the plaintiffs and without requiring a self-certification. Depending on the facts, the Court may or may not have jurisdiction to enjoin the insurer's conduct.

Concluding that the Court has jurisdiction is not possible without speculating on the issues. Therefore, because the plaintiffs have not shown the Court has jurisdiction, the Court will deny their motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the plaintiffs' motion to clarify (document no. 20) is **DENIED**.

**SO ORDERED**.

                                  s/Stephen J. Murphy, III
                                  STEPHEN J. MURPHY, III
                                  United States District Judge

Dated: May 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2014, by electronic and/or ordinary mail.

                                  s/Carol Cohron
                                  Case Manager